Battle, J.
 

 It is stated in the bill of exceptions that the question raised on the trial was, whether the defendant was owner of the ferry which was proved to be a nuisance. It does not seem to have been disputed that there was testimony sufficient to be submitted to the jury, tending to show that the defendant had
 
 *225
 
 purchased the interest of his nephew, Oliver H. Street, in the tract of land to which the ferry was appurtenant. Of that tract of land and the ferry the said Oliver had, up to the tune when he became insolvent, been tenant in common with his brother Stephen Street, and had rented the ferry of his brother, kept it, and received the tolls. It appears that he continued after his insolvency to rent his brother’s share of the ferry and to receive the tolls, and the question was, whether, if the jury should find that the defendant had purchased his, Oliver’s part of the land, his share in the ferry had passed with it. His Honor held, and so charged the jury, that in the absence of proof that the ferry was excepted, it did pass with the land as appurtenant to it. The charge was, we think, fully supported by the principle recognis-ed by this Court in the case of
 
 Biggs
 
 v.
 
 Ferrell,
 
 12 Ire. Rep. 1, to wit, that where an individual owns land with a franchise annexed, as a ferry or market, and transfers the land in fee, or for any less estate,
 
 “
 
 then the franchise passes as an incident; like rent, which passes with the reversion, as incident thereto.”
 

 There was no error in the charge of the Court; and this opinion must be certified to the Superior Court of Law for the county of Craven, that it may proceed to judgment according to law.
 

 Per Curiam. Judgment affirmed.